IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00714-PAB-STV

ESTATE OF BARTON GRUBBS and
TANYA SMITH, individually and as the personal representative of the Estate of Barton Grubbs,

    Plaintiffs,

v.

THE WELD COUNTY SHERIFF'S OFFICE,
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WELD,
CORRECT CARE SOLUTIONS, LLC, and
CHRISTIN HERNANDEZ, in her Individual and Official Capacity,

    Defendants.
_____

# ORDER
_____

This matter comes before the Court on Plaintiffs' Motion to Return for Revision Plaintiffs' Response to Defendants Weld County Sheriff's Office and the Board of County Commissioners of the County of Weld's Motion for Summary Judgment [Docket No. 166].

Defendants Weld County Sheriff's Office ("WCSO") and the Board of County Commissioners of the County of Weld ("BCC") (collectively "defendants") moved for summary judgment on plaintiffs' wrongful death claims on January 24, 2018. Docket No. 139. On February 14, 2018, plaintiffs filed a response to the motion. Docket No. 152. Two days later, the Court struck plaintiffs' response for failure to comply with the Court's practice standards, Docket No. 154, and plaintiffs submitted a revised brief on February 20, 2018. Docket No. 155. On February 26, 2018, defendants filed a reply in

support of their summary judgment motion, arguing that plaintiffs had failed to create a triable issue of fact on their wrongful death claims because their response brief "inexplicably focuses on a deliberate indifference claim that was dismissed on March 8, 2017." Docket No. 159 at 7. In an apparent response to this observation, plaintiffs filed the present motion on March 12, 2018, seeking the Court's leave to submit a revised response to defendants' summary judgment motion. Docket No. 166. Plaintiffs admit that the argument section in their response brief [Docket No. 155] "is nonresponsive to the defendants' motion and therefore is unintelligible and not concise." Docket No. 166 at 2. Plaintiffs attribute the poor quality of their response to the fact that they were overwhelmed with the confluence of multiple litigation deadlines on February 14, 2018. *See id.* at 2-3. They ask for the Court's lenience to "prevent prejudice to the Plaintiffs." Docket No. 166 at 4.

On March 20, 2018, the Court directed defendants WCSO and BCC to file a response to plaintiffs' motion. *See* Docket No. 170. Defendants filed their response on March 21, 2018. Docket No. 171. Defendants argue that plaintiffs' motion "is analogous to a motion for extension of time pursuant to Fed. R. Civ. P. 6(b)(1)(B)." *Id.* at 1, ¶ 1. They further assert that plaintiffs have not shown excusable neglect because "Plaintiffs' counsel had absolute control over the circumstances behind the failure to include a responsive and intelligible argument in the Response." *Id.*, ¶¶ 1-4.

Under Fed. R. Civ. P. 6(b)(1)(B), a court may, for good cause, extend the time for "an act [that] may or must be done within a specified time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether neglect is "excusable," a court must take into account "all relevant

2

circumstances surrounding the party's omission, including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *2 (10th Cir. 1997) (unpublished table decision) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (internal quotation marks and brackets omitted).

Defendants assert that plaintiffs have failed to demonstrate excusable neglect because the circumstances surrounding the filing of the unintelligible response brief were entirely within plaintiffs' control. *See* Docket No. 171 at 2, 4, ¶¶ 4, 14. Defendants' argument is well taken. As an initial matter, plaintiffs misstate the facts when they assert that they "were required to respond to a 702 motion, two summary judgment motions, and the proposed pretrial order all due at the same time." Docket No. 166 at 3. Plaintiffs' response to the summary judgment motion filed by Correct Care Solutions and Christin Hernandez [Docket No. 144] was due on February 28, 2018, two weeks after the response brief at issue here. Additionally, the original deadline for the filing of plaintiffs' response to defendants' Fed. R. Civ. P. 702 motion was February 7, 2018, *see* Docket No. 147 at 2, ¶ 5, and was only extended to February 14, 2018 at plaintiffs' request. *See* Docket Nos. 147, 148. Thus, any overlap in the filing deadlines was, at least in part, of plaintiffs' own making.

However, even if the inadequacy of plaintiffs' response brief were attributable to the convergence of multiple deadlines, courts have repeatedly held that the "excusable

3

neglect standard is not met" based on the "press of other matters." *Cassirer v. San Miguel Cty. Bd. of Cty. Comm'rs*, No. 08-cv-01668-MSK-CBS, 2009 WL 1844326, at *5 (D. Colo. June 23, 2009) (internal quotation marks omitted); *see also Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1048 (8th Cir. 2010) (finding that counsel's occupation "with other hearings [did] not constitute excusable neglect"); *Stringfellow*, 105 F.3d 670, 1997 WL 8856, at *2 ("[W]here counsel did not even move for an extension of time, his busy workload does not establish excusable neglect under Rule 6(b)(2)."). As plaintiffs themselves acknowledge, the appropriate response to competing deadlines is not to submit an "unintelligible" brief, but to move for an extension of time. *See* Docket No. 166 at 3. Plaintiffs have also already received a de facto extension of time to file a response brief. After their initial response was stricken on February 16, 2018 for failure to comply with the Court's practice standards, *see* Docket No. 154, plaintiffs were given six days after the original filing deadline to submit a complying brief. *Id.* Despite this additional time, plaintiffs did not identify the deficiencies in their response brief or move to revise their response until two weeks after defendants filed their reply.

A review of the original and amended response briefs indicates that denial of plaintiffs' motion would be dispositive of their wrongful death claims against WCSO and BCC. Dismissal with prejudice "is a severe sanction," *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007), one the Court finds inappropriate in light of the fact that plaintiffs submitted a response brief by the applicable deadline. Given that there is no indication of bad faith, the Court finds that

any prejudice to defendants caused by them having to file a reply to plaintiffs' revised response is outweighed by the fact that denial of plaintiffs' motion would almost certainly result in the dismissal of plaintiffs' wrongful death claims. The Court will grant plaintiffs' motion and accept the revised response [Docket No. 169] as filed on March 16, 2018. Plaintiffs are advised that future conduct of this nature will be met with more serious consequences.

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Motion to Return for Revision Plaintiffs' Response to Defendants Weld County Sheriff's Office and the Board of County Commissioners of the County of Weld's Motion for Summary Judgment [Docket No. 166], construed as a motion for substitution of a revised response, is **GRANTED**. It is further

**ORDERED** that Plaintiffs' Response to Defendants Weld County Sheriff's Office and the Board of County Commissioners of the County of Weld's Motion for Summary Judgment [Docket No. 169] is accepted. It is further

**ORDERED** that, within 14 days of this order, defendants Weld County Sheriff's Office and the Board of County Commissioners of the County of Weld shall file a reply to plaintiffs' revised response [Docket No. 169], not to exceed 10 pages.

DATED May 14, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge