IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00714-PAB-STV

ESTATE OF BARTON GRUBBS and
TANYA SMITH, individually and as the personal representative of the Estate of Barton Grubbs,

    Plaintiffs,

v.

THE WELD COUNTY SHERIFF'S OFFICE,
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WELD,
CORRECT CARE SOLUTIONS, LLC, and
CHRISTIN HERNANDEZ, in her Individual and Official Capacity,

    Defendants.

---

**ORDER**

---

This matter is before the Court on CCS and Nurse Hernandez's Motion to Exclude the Opinions of Plaintiffs' Expert Nurse Moore Pursuant to Rule 37(c)(1) Because Plaintiffs Disclosed Nurse Moore 88 Days Late [Docket No. 174]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367.

**I. BACKGROUND**

This case arises out of the suicide of Barton Grubbs while he was in custody at the Weld County Jail. Docket No. 66 at 9, 21, ¶¶ 47, 186. The plaintiffs are Mr. Grubbs' estate and the estate's personal representative, Tanya Smith. Docket No. 1. The operative complaint, filed on July 26, 2016, asserts six claims for relief: (1) wrongful death under Colo. Rev. Stat. § 13-21-202; (2) a claim for expenses related to Mr. Grubbs' death under Colo. Rev. Stat. § 13-20-101; (3) deliberate indifference to medical

needs under 42 U.S.C. § 1983; (4) adoption of an official policy under 42 U.S.C. § 1983; (5) failure to adequately train or supervise under 42 U.S.C. § 1983; and (6) common law negligence. Docket No. 66 at 22-34, ¶¶ 187-285.

Pursuant to court order, the parties were required to make expert disclosures by May 1, 2017 and rebuttal expert disclosures by August 4, 2017. Docket Nos. 95, 102. On July 28, 2017, plaintiffs disclosed Jacqueline M. Moore, RN, Ph.D., CCHP-A, as an expert witness on "the appropriate protocols in nursing and correctional healthcare." Docket No. 174-8 at 3. They also disclosed Dr. Moore's expert report in which she opines that Nurse Hernandez was "both negligent and deliberately indifferent" in her care of Mr. Grubbs at the Weld County jail. Docket No. 174-9 at 7-8. On August 4, 2017, plaintiffs disclosed Dr. Moore's rebuttal expert report. Docket No. 174-12.

On April 27, 2018, defendants Correct Care Solutions, LLC ("CCS") and Christin Hernandez filed a motion to exclude the opinions of Dr. Moore pursuant to Fed. R. Civ. P. 37(c)(1) because plaintiffs failed to disclose her as an expert witness by the May 1, 2017 deadline. Docket No. 174. Plaintiffs filed a response to the motion on May 18, 2018. Docket No. 176. Defendants filed a reply on June 1, 2018. Docket No. 180. An eight-day jury trial is currently set for July 23, 2018. Docket No. 163.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(a)(2) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Unless otherwise ordered, such a disclosure "must be accompanied by a written report" that apprises the opposing party of "all opinions the witness will express and the basis and reasons for

2

them." Fed. R. Civ. P. 26(a)(2)(B). Expert witness disclosures must be made "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

The court-ordered deadline for affirmative expert disclosures was May 1, 2017; however, plaintiffs did not disclose Dr. Moore as an expert witness until July 28, 2017. Although plaintiffs assert that they timely disclosed Dr. Moore as a rebuttal expert on August 4, 2017, it is evident from plaintiffs' filings that they are also offering her as an expert witness in their case-in-chief. *See* Docket No. 174-8 (plaintiffs' first supplemental Fed. R. Civ. P. 26(a)(2) disclosures); Docket No. 174-9 (Dr. Moore's expert report). Accordingly, plaintiffs were required to comply with both the May 1 deadline for expert disclosures and the August 4 deadline for rebuttal expert disclosures. Their failure to do so constitutes a violation of Fed. R. Civ. P. 26(a).

Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). However, the Tenth Circuit has enumerated four factors to guide a court's analysis: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

Defendants argue that the first three *Woodworker's Supply* factors weigh in favor of excluding Dr. Moore's testimony. Specifically, they contend that plaintiffs' late disclosure one week before the rebuttal expert deadline was prejudicial because it gave plaintiffs a 149-day advantage in preparing their rebuttal expert reports and prevented defendants from being able to retain an expert to rebut Dr. Moore's opinions. Docket No. 174 at 10-11. As to their ability to cure the prejudice, defendants state that "[i]t is impossible to cure the 149-day strategic advantage" and that reopening of discovery to allow defendants to disclose a rebuttal expert would be inadequate due to the "nearness of trial." *Id.* at 12. Finally, they argue that any attempt to cure the prejudice at this juncture would "disrupt the trial by reopening expert discovery shortly before the trial or delaying the trial." *Id.* Plaintiffs respond that their disclosure was made "360 days before trial" and thus defendants created their own prejudice by waiting 273 days to respond to the late disclosure. Docket No. 176 at 5.[1]

Although plaintiffs disclosed Dr. Moore 88 days after the expert disclosure deadline for no good reason, the Court finds that defendants' significant and unjustified delay in seeking redress disabuses their claim of prejudice. Plaintiffs disclosed Dr. Moore as an expert witness on July 28, 2017. Defendants then had five days before the rebuttal expert disclosure deadline to attempt to comply with the deadline, to file a motion for an extension of the deadline, or to move to strike Dr. Moore as an expert.

---

[1]Plaintiffs also argue, as a threshold matter, that defendants' motion to exclude is untimely because it was filed 100 days after the deadline for filing motions to exclude under Fed. R. Civ. P. 702. Given that defendants seek to exclude Dr. Moore's testimony under Fed. R. Civ. P. 37(c)(1), not Rule 702, plaintiffs' argument is irrelevant.

4

Defendants, however, did not take any action. Instead, they waited nearly nine months before filing their motion to exclude, all but ensuring that they would be prejudiced by plaintiffs' late disclosure.

Defendants assert that there is no remedy for the 149-day strategic advantage gained by plaintiffs as a result of their untimely disclosure of Dr. Moore. Docket No. 174 at 12.[2] But defendants ignore the fact that any such advantage could have easily been eliminated by an extension of the discovery and rebuttal expert disclosure deadlines at the time of plaintiffs' late disclosure. Defendants also contend that reopening discovery would disrupt the trial currently set for July 23, 2018. Docket No. 174 at 12. But the trial was not scheduled until February 28, 2018, seven months after plaintiffs' untimely disclosure. *See* Docket No. 163. Any risk of disruption at this stage of the proceedings is thus attributable to defendants' delay.

Given that defendants have provided no explanation for their disregard of the August 4, 2017 rebuttal disclosure deadline or their passivity in the face of plaintiffs' discovery violation, the Court finds that their arguments concerning prejudice, incurability, and disruption resulting from late disclosure are undermined by defendants' own failure to seek timely redress from this Court. *See Poitra v. School Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 670 (D. Colo. 2015) (stating that court could not "overlook Defendant's delay in filing" its motion for sanctions under Fed. R. Civ. P. 37 and that, "[u]nder a different set of facts, Defendant's delay . . . might be outcome

---

[2]Defendants fail to acknowledge that 61 of the 149 days were the result of a court order granting plaintiffs' unopposed motion to extend the expert disclosure deadline until May 1, 2017. *See* Docket No. 95.

determinative"); *Adams v. Cline Agency, Inc.*, No. 10-cv-02758-WJM-KLM, 2013 WL 2444696, at *3 (D. Colo. June 5, 2013) (finding that defendants bore "some responsibility for their asserted lack of adequate opportunity to prepare a defense for any such undisclosed evidence" where "Defendants were specifically invited by the Magistrate Judge to reopen discovery after the Final Pretrial Conference" but failed to do so).

Defendants also assert that the fourth *Woodworker's Supply* factor weighs in favor of exclusion because plaintiffs acted willfully in failing to disclose Dr. Moore by the May 1, 2017 deadline. Defendants cite the following facts as evidence of plaintiffs' bad faith: (1) plaintiffs also failed to comply with the March 1, 2017 deadline for affirmative expert disclosures and waited until defendants had sent their expert disclosures on that date before moving for an extension; (2) the deadline for affirmative expert disclosures was extended to May 1, 2017 at plaintiffs' request; (3) plaintiffs timely disclosed their other expert witness, Dr. Metzner, on May 1; and (4) plaintiffs did not offer any explanation for disclosing Dr. Moore nearly three months after the deadline. Docket No. 174 at 8-9. Although plaintiffs do not address these facts in their response, plaintiffs suggest that they could not have disclosed Dr. Moore earlier because they did not receive the transcript of Weld County Deputy Jennifer Lenderink's deposition until June 26, 2017. *See* Docket No. 176 at 4, 6. However, there is no indication that Dr. Moore considered Deputy Lenderink's deposition in drafting her report. *See* Docket No. 174-9 at 1-3; Docket No. 180-4 at 8, 14. Even assuming Dr. Moore needed the deposition transcript to complete her report, plaintiffs' proper course would have been to file a motion to extend the deadline for affirmative expert disclosures. They have provided no

6

justification for their failure to do so.

A "willful failure" is "any intentional failure as distinguished from involuntary noncompliance" and "[n]o wrongful intent need be shown." *Gocolay v. New Mexico Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992); *see Ballew v. Wal-Mart Stores East, L.P.*, 2012 WL 13080083, at *3 (D.N.M. July 16, 2012) (applying same definition in context of disclosure violations under Fed. R. Civ. P. 37(c)(1)).  The facts cited above suggest that plaintiffs willfully failed to comply with the May 1 expert disclosure deadline.  Again, however, the Court cannot overlook the evidence of defendants' own intentional conduct.  By waiting almost nine months to file their motion to exclude, defendants undermined the Court's ability to cure any prejudice resulting from plaintiffs' untimely disclosure.  Defendants' failure to justify their delay suggests that it was a conscious attempt to gain a strategic advantage in this lawsuit.  As defendants undoubtedly recognize, Dr. Moore is plaintiffs' only expert specifically designated to opine on nursing standards of care and thus her exclusion would likely be dispositive of plaintiffs' negligence claim against defendant Hernandez.  *See* Docket No. 180-4.  The Tenth Circuit has advised that, "where the exclusion of evidence under Rule 37(c)(1) has the necessary effect of a dismissal, . . . district courts should, in conjunction with the traditional *Woodworker's* inquiry, carefully explore and consider the efficacy of less drastic alternatives."  *HCG Platinum, LLC v. Preferred Product Placement Corp.*, 873 F.3d 1191, 1206 (10th Cir. 2017).

The Court finds that reopening discovery for the limited purpose of allowing defendants to depose Dr. Moore and submit a rebuttal expert report strikes an

7

appropriate balance under Federal Rule of Civil Procedure 37(c)(1). Allowing defendants this additional time to respond to Dr. Moore's proffered testimony cures any prejudice attributable to plaintiffs' late disclosure. Plaintiffs are to make every effort to facilitate Dr. Moore's deposition.

The trial will remain set for July 23, 2018. Any inconvenience suffered by the parties as a result of this order is of their own making.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that CCS and Nurse Hernandez's Motion to Exclude the Opinions of Plaintiffs' Expert Nurse Moore Pursuant to Rule 37(c)(1) Because Plaintiffs Disclosed Nurse Moore 88 Days Late [Docket No. 174] is **DENIED**. It is further

**ORDERED** that discovery in this matter is **REOPENED** for the purpose of allowing defendants to take the deposition of plaintiff's expert Jacqueline Moore. Discovery remains **CLOSED** for all other purposes. It is further

**ORDERED** that defendants may designate an expert rebuttal witness to respond to Dr. Moore's report on or before **July 9, 2018**. It is further

**ORDERED** that, on or before **July 9, 2018**, defendants shall provide plaintiffs with a copy of their rebuttal expert report.

DATED June 21, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge